M. D. Coffeen and Millie B. Coffeen v. Joseph Thomas,
A. M. Coffeen, Sarah E. Knox, Olive E. Coffeen,
Mary Burton, S. B. Ball, John Taylor, Frances
E. Shaffer (now Beecher), J. H. Bennett,
Josiah Graham, A. V. Reynolds, King-
man & Company, S. E. Howard, F.
M. Williams, P. C. Moshier, Bur-
lington Stove Company, J.
H. Burton, J. B. McKinley,
W. Carnahan and
John Linder.

1. EQUITY PRACTICE—*Master's Report—No Exceptions.*—Where a matter in controversy has been referred to a master in chancery, and he makes his report thereon, if no exceptions are taken to the same, it must be regarded as final.

2. DECREES—*Power of the Court over, at Subsequent Term.*—Ordinarily, the court has no power to vacate a decree of a former term, upon motion. The proper practice in such cases is to file a bill of review.

3. PARTIES—*Can not Complain of Errors not Injuriously Affecting Them.*—In a proceeding to foreclose a mortgage, no ground of complaint arises to the mortgagor, if the mortgagee purposely or by inadvertence, omits from the description a parcel of the land mortgaged, thereby in effect releasing that parcel.

**Bill for Mechanic's Lien,** with cross-bill to adjust other liens. Error to the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

E. R. ELDRIDGE and SANDERS & BOWERS, attorneys for plaintiffs in error.

GERE & PHILBRICK, attorneys for defendants in error; CUNNINGHAM & BOGGS, of counsel.

In order to attack a decree based upon the master's report, it is necessary that exceptions should be taken to the master's report. It is too late to raise the question for the

first time in a higher court. Dates v. Winstanley, 53 Ill. App. 623; Snell v. DeLand, 136 Ill. 533; 138 Ill. 55.

Where a cause has been referred to a master, upon whose report a decree has been entered, no exceptions being filed with the master, or in the court below, to such report, no question can be raised in this court as to the sufficiency of the evidence to sustain his findings. Cheltenham v. Whitehead, 128 Ill. 279; Owen v. Occidental Building and Loan Association, 55 Ill. App. 347.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery to enforce a mechanic's lien filed by Joseph Thomas against M. D. Coffeen, alleging that the complainant under contract of September 13, 1888, furnished materials for a house built by defendant on block 29, in Coffeen & Groendyke's addition to the town of Homer, and two and a half acres of land lying directly east of said block, making said Coffeen and sundry others, parties defendant.

Kingman & Co. filed a cross-bill setting up a lien by virtue of a mortgage on the premises named in the original bill and upon the S. E. S. W., Sec. 4, etc., containing forty acres, and on a tract of land in Sec. 9, specially described, containing 19.54 acres, which mortgage was dated October 6, 1889.

J. B. McKinley and W. H. Carnahan filed a cross-bill claiming a lien by mortgage to McKinley for the use of Carnahan, on property which by the description appears to be identical with said block 29 and the two and a half acres east of it mentioned in the original bill dated March 1, 1883.

Frances E. Shaffer (now Beecher) and others filed a cross-bill setting up a mortgage, dated October 24, 1889, on said block 29, the S. E. S. W. Sec. 4, and a piece of land specially described in said Sec. 9.

John Linder filed a bill of interpleader, as it was called, setting up a deed of trust for his benefit on S. E. S. W. Sec. 4, and the N. ½ N. E. ¼, N. W. ¼, Sec. 9, dated March 1, 1883.

A decree was entered at the March term, 1893, by which it was found:

First. That there was a tax lien on the S. E. S. W. 4 and N. ½ N. E. N. W. 9 in favor of C. C. Rush for $125.53, which was a first lien against said tracts.

Second. That John Linder had a lien on said tracts under his deed of trust for $1,190.70, which was next in priority to said tax lien.

Third. That J. B. McKinley as trustee for W. H. Carnahan had the first lien upon said block 29 by virtue of his mortgage, on which there was due $256.10.

Fourth. That Joseph Thomas had the next lien upon said block 29 for $570.35, on account of the material furnished by him for the building thereon as alleged in his bill.

Fifth. That Frances E. Shaffer, now Beecher, and ten other named persons had a lien by virtue of their mortgage for sums aggregating $6,497 on said block 29, on the S. E. S. W. Sec. 4, and all that part of the N. E. N. W. Sec. 9 lying north of the established road extending in a northwesterly direction across the N. E. ¼ N. W. ¼ of said section 9, which lien was inferior to the said tax lien, to said lien of John Linder on the land, and also to the mortgage liens in favor of McKinley for use of Carnahan, and the mechanic's lien in favor of Thomas as to the said block 29.

Sixth. That A. M. Coffeen had a mortgage lien for $124.93 on said block 29 which was inferior to the liens already mentioned on said block.

Seventh. That the next lien was in favor of Kingman & Co. for $1,988 on said block 29, said S. E. S. W. 4, and on the following described land, commencing at a point 21 chains, 26.4 links east of the N. W. corner of the N. W ¼ of said Sec. 9; run south 16 chains 61 links to the center of the public road, known as the State Road; thence easterly along the center of said road to the east line of said quarter section; thence north to the northeast corner of said quarter section, and thence west to the place of beginning, containing 19.54 acres more or less.

Eighth. That F. M. Williams had a lien by virtue of a

mortgage for $356.60, upon the same tracts of land described in said mortgage to Kingman & Co. and inferior thereto.

A sale was ordered of said block 29, and the S. E. S. W. 4 and the N. ½ N. E. N. W. Sec. 9, said block 29 to be sold separately and the proceeds derived therefrom to be kept separate from the proceeds of the land.

That after the payment of cost, etc., the proceeds of the S. E. S. W. 4 and N. ½ N. E. N. W. 9 should be applied to the payment of:

First. The tax lien due to Rush.

Second. The mortgage lien due to Linder.

Third. The mortgage lien due to Shaffer and others.

Fourth. The mortgage lien due to Kingman & Co.

After payment of costs, etc, the proceeds of said block 29 should be applied to the payment of:

First. Mortgage lien of McKinley, use of Carnahan.

Second. The mechanics' lien of Thomas.

Third. The balance due Shaffer and others after applying what they should receive from the sale of the lands.

Fourth. The mortgage lien of A. M. Coffeen.

Fifth. The balance due Kingman & Co. after applying the amount received from sale of lands.

At the next term of court motions were made by M. D. Coffeen and Millie B. Coffeen, his wife, to set aside the decree, which were denied. The master then presented his report of sale, showing that said block 29 sold for $2,660, and that the land sold for $3,975; that after paying cost he had paid the tax lien of Rush and the mortgage lien of Linder on said lands in full; that he had paid McKinley for use of Carnahan, and Joseph Thomas in full, out of the proceeds of block 29, and that the balance of the proceeds of lands and block he paid *pro rata* to Shaffer and the ten others upon their mortgage—leaving a part of their claims and all of the claims of Kingman & Co., A. M. Coffeen and F. M. Williams unpaid. Motions by M. D. and Millie B. Coffeen to set aside the sale were overruled and the report was approved.

This writ of error was sued out by M. D. Coffeen, the debtor, and Millie B. Coffeen, his wife.

Many objections have been suggested by the brief of plaintiffs in error. As to the sufficiency of the evidence upon which the decree was based it may be answered that no objection was taken to the master's report.

As to the refusal of the court, at the September term, to set aside the decree rendered at the March term, the answer is, that ordinarily the court has no power to vacate a decree of a former term upon motion. The proper practice in such cases is to file a bill of review, or a bill in that nature. Were this one of the cases which may be within recognized exceptions to the rule, still the point can not be made here, because the evidence in support of the motion was not properly preserved by certificate.

The mechanic's lien was upon block 29 only—but that property was affected by prior and subsequent incumbrances which also affected the land in Sec. 4 and Sec. 9. It was therefore proper to bring in and adjust all the liens in one proceeding—and there was no objection to so doing presented below.

It appears that Millie B. Coffeen did not sign the mortgage to Frances Shaffer and others, nor that to M. M. Coffeen—and it is suggested that her dower, as the wife of M. D. Coffeen, was not affected by these mortgages, wherefore it was error to provide in the decree that she should be barred of all rights in the premises in case of failure to redeem from a sale based in part on those mortgages. It was not averred by any pleading on her part, or shown by any proof in the case, that she had dower as against those mortgages.

Neither is it averred or proved that block 29 was the homestead of these plaintiffs in error. It was proved, and the master so found, that the value of the improvements upon said block was $4,500.

He also found that the two and a half acre tract was released by Thomas, and that it was released by McKinley, trustee for Carnahan—so that each of those liens was upon the block alone.

Another difficulty suggested is that the description of the

land in Sec. 9 is not the same in the mortgages which affect it.

In the Linder mortgage it is the N. ½ N. E. N. W. 9. In the Shaffer mortgage it is all that part of the N. E. N. W. 9 lying north of the established road running northwesterly through the land—and in the mortgage to Kingman & Co. it is a parcel bounded as follow : Begin at a point east of the N. W. cor. of Sec. 9, 21 ch. 26.4 links; thence run south 16 ch. 61 links to the center of the State Road, then easterly along the road to the east line of the quarter section; then north to the corner of the quarter section; then west to the point of beginning, containing 19.54 acres, more or less; and the same in the mortgage to F. M. Williams. If the road referred to in the Shaffer mortgage is the same as that in the two subsequent then it is pretty certain that the N. ½ of the N. E. N. W. which is the description in the Linder mortgage, does not cover all that is included in the subsequent mortgages, unless the N. E. N. W. contains more than forty acres, which is not impossible. In the mortgage to Kingman & Co. and to Williams, the west line of the described tract is east of the west line of the N. E. N. W. and presumably, if not certainly, the south line is further south, in part at least, than the south line of the N. ½ N. E. N. W., which is the description adopted by the court in the order of sale. It is probable that a small triangular parcel is not included in that description—but the amount of land within such triangle must be very small. Can the plaintiffs in error complain of this omission ? It is not apparent how they have been injured. The mortgagees, who might perhaps suffer by the omission or by reason of the variant descriptions, are not complaining.

It is probable that the amount left out is very trifling and it is also probable that the true description of the land really owned by the mortgagor was adopted by the court on suggestion of the parties. However this may be, we do not regard the matter as sufficiently important to justify reversal at the instance of the plaintiffs in error.

If the discrepancy were substantial as to the amount of

Coffeen v. Thomas.

land affected it ought not to prejudice the order of sale as to block 29, which was sold separately.

As the land was purchased by a stranger to the decree his title would not be affected by a reversal.

If any of the parties to the decree considered the description adopted as practically or substantially erroneous or unjust, or if it was a mere inadvertence, the attention of the court should have been called to it at the time, and correction could have been made at once.

We think it fair to presume that the true description of what the mortgagor owned was adopted, but if not we are unable to see what ground of complaint arises to the mortgagor if the mortgagee purposely or by inadvertence omits from the description a parcel of the land mortgaged, thereby in effect releasing that parcel.

It is objected that the Kingman & Co. mortgage included the two and a half acre tract east of the block, but that this parcel was omitted from the master's report and from the decree.

If the master's report was erroneous it should have been objected to in the Circuit Court if not before the master.

But it is not apparent that the plaintiffs in error can complain of this omission, which operates virtually as a mere release of the parcel.

It is objected that the mechanic's lien was not established, because no statement of account was filed with the clerk as required by the statute. The objection is that the statement was not accurate in that it included an item for interest as a part of the price. As the evidence is understood it was a part of the contract that interest was to be paid and so it was proper to include that item in the price. It is urged there was fatal inaccuracy in claiming a lien upon the two and a half acre tract east of the block. The tract mentioned was released in writing. The release was filed the day the bill was filed but dated previously.

There is nothing important in this, no matter whether the release was to correct an error in claiming a lien on too much land or whether it was gratuitous.

The cases cited in support of this objection are not in point.

The objection that the clerk did not attach his seal to the *jurat* is untenable—as also that the account is not sworn to because not included in the affidavits.

It is attached thereto and sufficiently identified therein by definite reference.

Other minor objections need not be specially noticed.

We find no substantial error of which plaintiffs in error may complain.

Decree will be affirmed.